Lydia Harris
939 Eldridge Road
Sugarland, TX 77478
832-414-0106
Pro se

United States Courts
Southern District of Texas
FILED

MAR 18 2025

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTH DISTRICT OF TEXAS
## HOUSTON - DIVISION

Lydia Harris, )   Case No.
   )
   Plaintiff, )
   )   **NOTICE OF MOTION AND MOTION TO SET**
vs. )   **ASIDE JUDGMENT; MEMORANDUM OF**
   )   **POINTS AND AUTHORITIES;**
   )   **DECLARATION OF_____; EXHIBITS**
Death Row Records Inc, Marion Suge Knight, )
Calvin Cordozar Broadus Jr., Interscope )
Records Inc, Jimmy Iovine, Interscope )   **DATE: March 18, 2025**
Communications, Ted Field, Time Warner, )
David Cohen, Universal Music Group, Lucian )   **TIME:**
Grainge, David Kenner, Mickey Shapiro Et al. )
   )   **PLACE Houston, Texas 77001**
   Defendants. )

### JURISDICTION AND VENUE

1. This Court has **subject matter jurisdiction** over this action pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1332** (diversity jurisdiction), as the matter in controversy exceeds $75,000, and the parties are domiciled in different states.

2. This Court also has jurisdiction under **28 U.S.C. § 1367** (supplemental jurisdiction) for any related state law claims arising from the same set of facts.
3. Venue is proper in the **Southern District of Texas** pursuant to **28 U.S.C. § 1391** because **a substantial part of the events or omissions giving rise to the claim occurred within this district, and one or more Defendants conduct business within this jurisdiction.**
4. This Court has personal jurisdiction over the Defendants due to their **intentional and** fraudulent actions that have caused harm within this district via systematic telecommunications directed to the Plaintiff here in Texas.

I.

## INTRODUCTION

This civil action arises from a **deliberate and orchestrated conspiracy** by **Interscope Records, Time Warner, Universal Music Group, Death Row Records, and additional named defendants** to **defraud Plaintiff Lydia Harris of a $107 million court-ordered judgment** issued by the **Los Angeles Superior Court in March 2005.**

Plaintiff, **co-founder of Death Row Records,** was legally awarded this judgment after Defendants **willfully obstructed judicial discovery, refused to comply with court orders, and engaged in fraudulent legal maneuvers** to evade accountability. **Defendants' refusal to participate in court-mandated discovery led directly to the court issuing a default judgment against them.**

Defendants engaged in a pattern of willful discovery abuse and judicial fraud, including but not limited to:

- **Refusing to produce financial records** and other key evidence required during litigation.
- **Submitting fraudulent and misleading legal filings** to deceive the court and improperly shield insiders from liability.
- **Orchestrating strategic bankruptcy filings** to obstruct enforcement of the judgment and continue the concealment of assets.
- **Engaging in bad-faith legal tactics, including the submission of a fraudulent Motion for Summary Judgment,** which misrepresented key facts and misled the court into improperly dismissing major industry insiders from liability.

**By knowingly and willfully abusing the discovery process and accepting a default judgment rather than complying with court orders,** Defendants demonstrated **a clear intent to obstruct justice, defraud the Plaintiff, and manipulate the judicial process for their benefit.**

These actions constitute **fraud on the court, civil conspiracy, obstruction of justice, and abuse of legal process,** warranting **federal intervention under Rule 60 of the Federal Rules of Civil Procedure.**

Plaintiff seeks **relief from judgment, full financial accountability, punitive damages, and federal oversight** to expose and rectify this **egregious abuse of the legal system.**

## II.

## STATEMENT OF FACTS

1. Plaintiff **Lydia Harris** is the co-founder of **Death Row Records** and was awarded a **$107 million judgment** by the **Los Angeles Superior Court in March 2005** due to **Defendants' deliberate obfuscation of judicial discovery with malicious intent**, which prevented a fair adjudication of the case.
2. Rather than complying with the court's ruling, **Defendants engaged in a deliberate and coordinated scheme to obstruct justice, conceal assets, and evade liability**, including:

    a. **Willful discovery abuse** by refusing to produce financial records and other key evidence.
    b. **Fraudulent legal filings,** including a misleading **Motion for Summary Judgment,** to improperly remove key corporate insiders from liability.
    c. **Strategic bankruptcy filings (Chapter 11 and later Chapter 7)** to prevent enforcement of the judgment and shield assets from collection.
    d. **Systematic misrepresentation and fraudulent telecommunications** directed at the Plaintiff in Texas to further obstruct her ability to collect the judgment.
2. As a result of the Defendants' actions, **Plaintiff has been deprived of the $107 million court-ordered judgment** and has suffered significant financial and reputational harm.

Defendants' actions amount to **fraud on the court, civil conspiracy, obstruction of justice, and abuse of process**, entitling Plaintiff to:

   a. Relief from judgment under **Rule 60(b) of the Federal Rules of Civil Procedure**
   b. Full financial accounting and recovery of assets
   c. Punitive damages for Defendants' willful misconduct
   d. Any further relief deemed just and proper by the Court

Plaintiff **seeks legal and equitable relief** to rectify this egregious abuse of the judicial system and hold Defendants accountable.

I, LYDIA HARRIS SWEAR UNDER PENALTY OF PERJURY THAT THE ABOVE ALLEGATIONS AND BEST OF MY KNOWLEDGE.

SIGNED: *Lydia Ha___*  - DATED: 3/18/2025

## PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 939 Eldridge Road, Sugarland Texas 77478 **PERSON SERVING PAPERS.**

On _____ I served the foregoing document(s) described as: **NOTICE OF**

**MOTION AND MOTION TO VACATE JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RULE 60 b, EHXIBITS** to the following parties:

**NAME AND ADDRESS OF ATTORNEY FOR OTHER PARTY OR OTHER PARTY**

**SEE ATTACHED:**

[X] (By U.S. Mail) I deposited such envelope in the mail at _____, TEXAS with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at _____, TEXAS in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Personal Service) I caused such envelope to be delivered by hand via United States Postal Service Return Receipt Requested the address above;

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the United States of America and the State of ____ that the foregoing is true and correct.

DATED:                       _____

_____

NAME OF PERSON SERVING PAPERS

CERTIFIED REGISTER MAIL:

RETURN RECEIPT REQUESTED: