## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

| | | |
|---|---|---|
| **Lydia Harris,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **Death Row Records Inc, Marion Suge Knight, Calvin Cordozar Broadus Jr., Interscope Records Inc, Jimmy Iovine, Interscope Communications, Ted Field, Time Warner, David Cohen, Universal Music Group, Lucian Grainge, David Kenner, Mickey Shapiro, et al.** | § § § § § § § § § | **Case No. 4:25-cv-01266** |
| | § | |
| | § | |
| **Defendants.** | § | |

### DEFENDANTS DEATH ROW RECORDS LLC AND CORDOZAR CALVIN BROADUS, JR.'S OPPOSITION TO PLAINTIFF LYDIA HARRIS'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................................1

II.     FACTUAL BACKGROUND .........................................................................2

    A.      None of Plaintiff's New Facts Relate to Defendants DRR or
         Broadus ................................................................................................2

III.    ARGUMENT .................................................................................................4

    A.      Plaintiff's Motion Should Be Denied Because She Failed to
         Submit a Proposed Pleading ................................................................4

    B.      Plaintiff's Motion Must Be Denied Because Allowing Her to
         Amend Would Be Futile .......................................................................5

IV.     CONCLUSION ..............................................................................................6

Defendants Death Row Records LLC (erroneously named as Death Row Records Inc.) ("DRR") and Cordozar Calvin Broadus, Jr. (erroneously named as Calvin Cordozar Broadus Jr.) (p/k/a Snoop Dogg) ("Broadus") (together, "Defendants"), hereby submit the following opposition to Plaintiff Lydia Harris's ("Plaintiff") Motion for Leave to File Supplemental and Amended Complaint (the "Opposition") (ECF 29).

## I.   <u>INTRODUCTION</u>

In response to several Defendants filing motions to dismiss, namely on the basis that Plaintiff failed to state a claim for relief (*see* ECF 12, 16, 19), Plaintiff desperately filed a motion for leave to file an amended complaint (ECF 29) (the "Motion"). However, Plaintiff's proposed amendments cannot cure the defects in her Complaint.

Indeed, none of Plaintiff's "newly discovered and highly material evidence" even relate to DRR and Broadus. Rather, Plaintiff's new facts all relate to other defendants (Jimmy Iovine and Marion "Suge" Knight) or a totally new defendant that Plaintiff seeks to add to the case, Dermont Givens. Without alleging any new facts as to DRR and Broadus, Plaintiff's defective Complaint cannot be cured.

In sum, allowing any amendment as Plaintiff proposes is futile. Plaintiff cannot overcome obvious statute of limitations issues or the doctrine of res judicata as to Defendants DRR and Broadus. Further, Plaintiff's proposed changes—which

are totally unrelated to DRR and Broadus—do not cure her failure to plead any of her claims against DRR and Broadus with the requisite particularity.

Accordingly, this Court should deny Plaintiff's Motion, as providing her the opportunity to amend will only serve the purpose of wasting this Court's valuable time and forcing Defendants to needlessly incur additional costs to participate in another round of motion to dismiss briefing.

Separately, Plaintiff's Motion should be denied because she failed to submit a proposed pleading along with her Motion.

## II.    FACTUAL BACKGROUND

Defendants hereby incorporate the factual background section from their motion to dismiss (ECF 16 at pp. 3-9), attached hereto as **Exhibit A**.

### A.    *None of Plaintiff's New Facts Relate to Defendants DRR or Broadus*

In her Motion, Plaintiff requests leave to file an amended complaint on the basis of "newly discovered and highly material evidence." Motion at p. 10. However, none of Plaintiff's alleged newly discovered evidence relates to Defendants DRR or Broadus. Rather, Plaintiff contends the evidence relates to Dermont Givens (Plaintiff's former attorney), Jimmy Iovine, and Marion "Suge" Knight. Motion at p. 10. In her Motion, Plaintiff argues that these individuals were "central actors" who "conspired" to "illegally reopen [her] bankruptcy case" and "mislead[] courts into believing that Plaintiff had previously settled her claims

against [Knight] for $107 million—when in fact, no such agreement existed[.]" Motion at pp. 10-11.

In particular, Plaintiff alleges the following:

- Givens filed "fraudulent documentation" in order to "legitimize a fictitious settlement agreement" (Motion at 11);

- Givens represented he was Plaintiff's attorney without authority (*id.*);

- Givens was admonished by the bankruptcy judge for making misrepresentations to the bankruptcy court regarding his representation and "the nature of the alleged agreement" (*id.*); and

- Givens' "fraudulent submission" was designed to overturn the $107 million judgment Plaintiff received in 2005 in a Los Angeles Superior Court proceeding (*id.*).

In her Motion, Plaintiff concludes that "[t]hese acts were part of a coordinated and unlawful scheme carried out through a 'meeting of the minds' between Dermont Givens, Jimmy Iovine, and Marion "Suge" Knight, constituting wire fraud, bankruptcy fraud, and fraud on the court." Motion at 11.

Again, **none** of these allegedly new facts relates to Defendant DRR or Broadus. DRR and Broadus are not even mentioned in Plaintiff's Motion.

## III. **ARGUMENT**

"[I]t is within the sound discretion of the court to decide whether to grant leave to amend, and courts frequently deny leave when a party fails to submit a proposed pleading or explain how they can cure any defects." *Carling v. Sacks Counseling, LLC*, 2024 U.S. Dist. LEXIS 142370, at *12 (S.D. Tex. July 12, 2024) (citing *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003)) (finding the district court did not abuse its discretion in denying leave to amend after dismissing claims under Rule 12(b)(6) because "the plaintiffs did not demonstrate to the court how they would . . . cure the pleading defects raised by the defendants" and did not proffer a proposed amended complaint). Additionally, "denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). "Amendment would be futile if the proposed amended complaint 'fail[s] to state a claim upon which relief could be granted.'" *Thomas v. Samuel*, No. 2:22-cv-00158, 2023 U.S. Dist. LEXIS 18762, 2023 WL 1529544, at *1 (S.D. Tex. Feb. 2, 2023) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)).

### A. *Plaintiff's Motion Should Be Denied Because She Failed to Submit a Proposed Pleading*

Here, a review of Plaintiff's Motion and accompanying documents reveals that Plaintiff failed to provide this Court (or Defendants) with a new proposed pleading. Rather, Plaintiff's Motion (ECF 29) merely consists of: (i) a notice of

motion (pp. 1-2), (ii) supplemental briefing in support of her claims (pp. 2-4, 7-12), (iii) certificates of service (p. 5, 14), (iv) a table of authorities (p. 6), and (v) proposed orders (pp. 13, 15-16). On this ground alone, Plaintiff's Motion should be denied. *See Carling, LLC*, 2024 U.S. Dist. LEXIS 142370, at *12 ("courts frequently deny leave when a party fails to submit a proposed pleading"); *Goldstein*, 340 F.3d 238, 254-55 (finding district court did not abuse its discretion in denying leave to amend where plaintiff did not proffer a proposed amended complaint).

**B.     *Plaintiff's Motion Must Be Denied Because Allowing Her to Amend Would Be Futile***

Despite asking this Court to give her leave to amend her Complaint against DRR and Broadus, Plaintiff's Motion fails to mention DRR and Broadus. Rather, Plaintiff's Motion only presents allegedly new facts as to Dermont Givens, Jimmy Iovine, and Marion "Suge" Knight. Without alleging any new facts about DRR and Broadus, it is unclear how Plaintiff could possibly cure any defects in her Complaint as it relates to Defendants DRR and Broadus. For instance, Plaintiff provides no facts or argument as to how she can overcome the gatekeeping statute of limitations issue or the doctrine of res judicata that was raised in Defendants' motion to dismiss. *See* Exhibit A at pp. 13-17 (statute of limitations argument); *id*. at pp. 17-24 (res judicata argument). Also, the failure to provide any new facts specific to DRR and Broadus also means that Plaintiff has still not pled her claims with the requisite particularity. *Id.* at pp. 24-26 (fraud and other claims not pled with requisite

particularity argument).

Put simply, Plaintiff's Motion should be denied because allowing any amendment as Plaintiff proposes would be futile. *See James v. Allstate Vehicle and Property Ins. Co.*, No. 4:24-CV-636, 2025 WL 847884, at *2-4 (S.D. Tex. Mar. 18, 2025) (dismissed with prejudice—*i.e.*, no leave to amend—because claims barred by res judicata); *Bernegger v. Dep't of Revenue*, 785 Fed. Appx. 209, 211 n. 1 (5th Cir. 2019) (amendment futile when barred by statute of limitations); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (must plead facts not mere legal conclusions); Fed. R. Civ. P 9(b) (heightened pleading standard required for fraud claims); *Webb v. Everhome Mortgage*, 704 Fed. Appx. 327, 329-30 (5th Cir. 2017) (same).

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants request that this Court deny Plaintiff's Motion.

Respectfully submitted,

_____
Max N. Wellman (admitted *pro hac vice*)
CA State Bar No. 291814
Venable LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900 (phone)
(310) 229-9901 (fax)
***Attorney-in-Charge for Defendants Death Row Records LLC and Calvin Broadus, Jr.***

6

OF COUNSEL**:**
**VENABLE LLP**
Alicia M. Sharon *(admitted pro hac vice)*
California State Bar No. 323069
ASharon@venable.com
2049 Century Park East Ste 2300
Los Angeles, CA 90067
T: (310) 229-9900
F: (310) 229-9901

**DANIELS & TREDENNICK PLLC**
Douglas A. Daniels
Texas State Bar No. 00793579
S.D. Texas Bar No. 19347
doug.daniels@dtlawyers.com
Sabrina R. Tour
Texas State Bar No. 24093271
S.D. Texas Bar No. 2714789
sabrina@dtlawyers.com
6363 Woodway Dr. Ste. 700
Houston, Texas 77057
T: (713) 917-0024
F: (713) 917-0026
*Attorneys for Defendants Death Row*
*Records LLC and Calvin Broadus, Jr.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and is available for viewing and downloading from the CM/ECF system. The foregoing document was served upon all counsel of record via the CM/ECF system on this 9th day of June, 2025. The foregoing document was also served on *pro se* Plaintiff Lydia Harris by email (justlydia1@yahoo.com) and by FedEx (1206 Misty Lake Ct., Sugarland, Texas 77498).

_____

Max N. Wellman