UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUL 2 5 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| LYDIA HARRIS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-01266 |
| | § | |
| UNIVERSAL MUSIC GROUP, | § | |
| DEATH ROW RECORDS INC, | § | |
| DEATH ROW RECORDS LLC, | § | |
| CALVIN BROADUS, et al., | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff LYDIA HARRIS ("Plaintiff"), and pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §2201, respectfully submits this Motion for Declaratory Judgment and Injunctive Relief against Defendant DEATH ROW RECORDS LLC ("DRR LLC"), CALVIN BROADUS, and all individuals and entities acting in concert with them. In support thereof, Plaintiff alleges as follows:

### I. INTRODUCTION

Plaintiff Lydia Harris seeks a declaratory judgment and injunctive relief to prevent ongoing and unlawful use of the DEATH ROW RECORDS ("DRR") brand and intellectual property that were subject to a $107 million judgment issued by the Superior Court of

California in 2005, which included $60 million in punitive damages based on findings of malicious intent and fraud. The brand and associated assets were later transferred via a 2022 bankruptcy sale to Calvin Broadus (professionally known as Snoop Dogg) and converted into a newly formed entity, Death Row Records LLC (DRR LLC), without satisfaction of the state court judgment or consent from the prevailing party, Plaintiff Lydia Harris.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §1331 (federal question), 28 U.S.C. §1342 (civil rights), and 28 U.S.C. §2201 (Declaratory Judgment Act). Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to this action occurred in this District.

## III. FACTUAL BACKGROUND

1. In 2005, the Superior Court of California issued a final judgment in favor of Plaintiff Lydia Harris against Death Row Records Inc. and Marion "Suge" Knight, awarding $107 million, including $60 million in punitive damages based on explicit findings of fraud and malicious intent.

2. The judgment has not been satisfied. No court has set it aside, reversed it, or found it to be void.

3. In 2022, Calvin Broadus acquired Death Row Records-related assets in a bankruptcy sale and formed DRR LLC. He has since commercially exploited the DRR brand across music, media, merchandise, and streaming services.

4. DRR LLC has not sought or received consent from Plaintiff Harris, the prevailing

   judgment creditor, to use the brand.

5. The use of the brand, which was integral to the fraud and tortious conduct recognized in the 2005 judgment, represents ongoing misappropriation and unjust enrichment, particularly as the brand was created and developed through wrongful conduct.

## IV. LEGAL ARGUMENT

*A. Plaintiff Retains an Equitable Interest in the DRR Brand*

The DRR brand is directly tied to a judgment of malicious fraud. Assets used to commit tortious acts or that are derived from unlawful conduct are subject to constructive trust, equitable lien, or other remedies designed to prevent unjust enrichment.

*B. Successor Liability Applies to DRR LLC*

Although asset sales under 11 U.S.C. §363(f) generally eliminate liabilities, exceptions exist where: - There is continuity of enterprise; - The successor continues using the brand, goodwill, and customer base; - The transaction was designed to avoid known liabilities; - Fraudulent conveyance or collusion occurred.

Given these conditions, DRR LLC is a de facto successor liable for ongoing misuse of brand assets tied to the prior fraudulent conduct.

*C. Declaratory Judgment Is Proper*

Under 28 U.S.C. §2201 and Rule 57, this Court may declare that: - Plaintiff holds an enforceable interest in the DRR brand; - DRR LLC may not use or exploit the DRR brand without compensating Plaintiff or satisfying the underlying judgment; - The post-judgment

bankruptcy transfer does not eliminate or waive Plaintiff's rights.

*D. Injunctive Relief Is Warranted*

Under Rule 65, Plaintiff is entitled to an injunction because: - She is likely to succeed on the merits; - She suffers irreparable harm through continued exploitation of assets tied to the fraudulent conduct; - The balance of equities favors Plaintiff; - Public interest supports upholding final judgments and deterring misuse of court-ordered liabilities.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a **declaratory judgment** that Plaintiff Lydia Harris retains an enforceable interest in the DRR brand;

2. Declare that DRR LLC and Calvin Broadus must obtain express written consent from Plaintiff before using or commercializing the DRR brand;

3. Issue a **preliminary and permanent injunction** prohibiting DRR LLC and Calvin Broadus from further use of the DRR brand, intellectual property, or associated revenues pending satisfaction of the 2005 judgment;

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

---

Lydia Harris

939 Eldridge Road

Sugarland, Texas 77478

Justlydia1@yahoo.com

**CERTIFICATE OF SERVICE**

I, Lydia Harris, hereby certify that a copy of the same has been forwarded to all counsel of record via U.S. Certified Mail on this 23rd day of July 2025

*Lydia Harris*

Lydia Harris

939 Eldridge Road

Sugarland, Texas 77478

Justlydia1@yahoo.com