United States Courts
Southern District of Texas
FILED

JUL 25 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LYDIA HARRIS, § | |
| Plaintiff, § | |
| § | |
| v.  § | Case No. 4:25-cv-01266 |
| § | |
| UNIVERSAL MUSIC GROUP, § | |
| DEATH ROW RECORDS INC, § | |
| DEATH ROW RECORDS LLC, § | |
| CALVIN BROADUS, et al., § | |
| Defendants. § | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, CONSTRUCTIVE TRUST, AND CIVIL RICO RELIEF**

## I. INTRODUCTION

This memorandum of law supports Plaintiff Lydia Harris's Motion seeking equitable and statutory relief following Defendants' continued and unauthorized commercial use of the Death Row Records ("DRR") brand, which was integral to a California court's 2005 judgment awarding her $107 million, including $60 million in punitive damages. That judgment has never been satisfied. DRR LLC, a successor entity created by Calvin Broadus following a bankruptcy sale, continues to exploit DRR's assets in derogation of that judgment.

## II. LEGAL ARGUMENT

### A. Constructive Trust

Federal courts may impose a constructive trust under equitable principles to prevent unjust enrichment. See Peacock v. Thomas, 516 U.S. 349, 355 (1996); United States v. Pegg, 782 F.3d 1121, 1128 (10th Cir. 2015). A constructive trust is appropriate where property was obtained through wrongful means or used to defeat court-ordered relief.

### B. Successor Liability

The Fifth Circuit recognizes successor liability despite asset-only acquisitions in cases of: continuity of enterprise and management, intent to avoid liability, identity of operations. See In re T.B. Westex Foods, Inc., 950 F.2d 1187, 1192 (5th Cir. 1992); Upholsterers' Int'l Union Health & Welfare Fund v. Artistic Furniture, 920 F.2d 1323 (7th Cir. 1990).

### C. Civil RICO (18 U.S.C. § 1962)

To establish a RICO claim, a plaintiff must show: 1) Conduct, 2) Of an enterprise, 3) Through a pattern, 4) Of racketeering activity. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985). Bankruptcy fraud and wire fraud qualify as predicate acts under 18 U.S.C. § 1961. If an enterprise (e.g., DRR LLC) is used to frustrate judgment enforcement and conceal assets derived from unlawful conduct, civil RICO liability is appropriate. See United States v. Porcelli, 865 F.2d 1352, 1357 (2d Cir. 1989).

### D. Declaratory Judgment and Injunction

A declaratory judgment is proper to clarify rights under 28 U.S.C. § 2201. A permanent injunction is warranted where: Legal remedies are inadequate, There is likelihood of irreparable harm, The balance of equities favors the movant. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006).

## III. CONCLUSION

The use of the DRR brand—tainted by fraud, malicious conduct, and an unpaid judgment—demands equitable protection. The Court should grant the requested relief to

preserve the rule of law and prevent ongoing unjust enrichment.

Respectfully submitted,

*[signature]*

Lydia Harris

939 Eldridge Road

Sugarland, Texas 77478

**Justlydia1@yahoo.com**