United States Courts
Southern District of Texas
F I L E D

AUG 2 1 2025

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LYDIA HARRIS** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Case No. 4:25-cv-01266** |
| | § | |
| **UNIVERSAL MUSIC GROUP, et al** | § | |
| Defendants, | | |

**Judge: Hon. David Hittner**

---

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MISLEADING FILINGS AND MOTION TO STRIKE

## INTRODUCTION

Plaintiff opposes Defendants' submissions that rely on an alleged 2008 "Release" and a purported "Conveyance to Conquest Media Group." The latter was reportedly rescinded by the issuing court. Defendants' reliance on these items has misled the record regarding ownership, waiver, and the effect of bankruptcy proceedings concerning Death Row Records, Inc. Plaintiff moves to strike these materials under Fed. R. Civ. P. 12(f) as immaterial and misleading, or alternatively requests judicial notice of the rescission and other records clarifying their lack of legal effect.

## BACKGROUND

Harris obtained a judgment in March 2005 exceeding $107 million, with $60 million in punitive damages based on findings of malicious intent. Defendants have invoked disputed documents to argue that Harris's interests were waived or transferred. These assertions are contradicted by the record and by bankruptcy law governing sales free and clear under 11 U.S.C. § 363.

## LEGAL STANDARD

Rule 12(f) permits a court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

## ARGUMENT

A. The "Conveyance to Conquest Media Group" Was Rescinded and Cannot Support Defendants' Positions.

To the extent Defendants rely on the conveyance, judicially noticeable records reflect its rescission. It is therefore immaterial.

B. The Alleged 2008 "Release" Does Not Extinguish Harris's Judgment or Interests.

Even if authentic, the release cannot defeat statutory protections and due process rights implicated by the Death Row Records bankruptcy. Issues of validity and effect are for the bankruptcy court and, where necessary, must be litigated via adversary proceeding.

C. The Court Should Strike or Disregard the Misleading Materials and Permit Limited, Targeted Discovery.

Given the contested provenance and legal effect of the documents, the Court should strike them or defer consideration pending narrowly tailored discovery.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court (1) strike Defendants' misleading exhibits and arguments premised on the alleged 2008 "Release" and the rescinded "Conveyance to Conquest Media Group"; (2) take judicial notice of the rescission and pertinent bankruptcy records; and (3) grant such other relief as is just.

**Respectfully submitted,**

Dated: August 20, 2025

By:

Lydia N. Harris, Pro Se Movant
939 Eldridge Road, Sugarland TX 77478
832-799-1547
Justlydia1@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I, Lydia Harris, hereby certify that a copy of the same has been forwarded to all counsel of record via U.S. Certified Mail and/or Emailed on this 20th day of August 2025.

Dated: August 20, 2025

By: _____

Lydia N. Harris, Pro Se Movant
939 Eldridge Road, Sugarland TX 77478
832-799-1547
Justlydia1@yahoo.com