IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 15 2025

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| Lydia Harris<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 4:25-cv-01266 |
| Universal Music Group, et al.,<br>Defendants. | §<br>§<br>§ | |

## PLAINTIFF'S NOTICE OF FILING OF RELATED BANKRUPTCY MOTION AND REQUEST FOR JUDICIAL NOTICE

Date: September 29, 2025

TO THE HONORABLE COURT AND ALL PARTIES:
Plaintiff Lydia Harris respectfully files this Notice of Filing of Related Bankruptcy Motion and Request for Judicial Notice ("RJN").

## I. SUMMARY

On September 18, 2025, in the United States Bankruptcy Court for the Central District of California (Case Nos. 2:06-bk-11205-VZ and 2:06-bk-11187-VZ), Ms. Harris filed the "Motion for Clarification Regarding Prior Sales and Non-Discharge-ability of Judgment and Death Row Records" (Dkt. 1674) (the "Clarification Motion"). Plaintiff requests that this Court take judicial notice of the existence and filing of the Clarification Motion and the bankruptcy docket entries associated with it, as they are matters of public record. See Fed. R. Evid. 201(b)(2).

## II. BASIS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, a court may take judicial notice of facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal courts routinely take judicial notice of court filings and docket sheets, not for the truth of the matters asserted, but for the fact of their filing and the procedural posture they reflect.

## III. RELEVANCE TO PENDING ISSUES

The Clarification Motion concerns the effect of prior sales and orders in the Death Row Records bankruptcy on the treatment of Plaintiff's judgment and related equitable remedies. It bears directly on issues before this Court, including Plaintiff's requests for declaratory and injunctive relief and the parties' briefing regarding successor liability, constructive trust, and the interaction between bankruptcy sale orders and non-dischargeable obligations. Judicial notice will assist the Court in understanding the parallel proceedings without converting this Notice into additional argument on the merits.

## IV. REQUESTED RELIEF

Plaintiff respectfully asks the Court to (1) take judicial notice of the existence and filing of the Clarification Motion, including its file-stamped copy and corresponding docket entries in the reopened bankruptcy proceedings; and (2) permit Plaintiff to file a short supplemental submission (not to exceed 5 pages) if and when the bankruptcy court issues any order or minute entry on the Clarification Motion.

## V. EXHIBITS

Exhibit A – File-stamped copy of "Motion for Clarification Regarding Prior Sales and Non-Discharge-ability of Judgment and Death Row Records" (CDCA Bankr. Dkt. 1674).
Exhibit B – Docket excerpt reflecting Dkt. 1674 (with PACER header).
Exhibit C – (If available) Notice of electronic filing/receipt showing the filing date and time for Dkt. 1674.


Respectfully submitted,

*[signature]*

Lydia Harris, Pro se
1206 Misty Lake Ct
Sugarland, Texas 77498
832-799-1547
Justlydia1@yahoo.com

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lydia Harris<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:25-cv-01266 |
| Universal Music Group, et al.,<br>Defendants. | §<br>§<br>§ | |

## CERTIFICATE OF SERVICE

#15
Date: October 14, 2025

I certify that on the date above, I forwarded a copy of the foregoing Supplemental Notice, Supplemental Request for Judicial Notice, Proposed Order, and Motion for Status Conference with the Clerk of the Court and all counsel(s) of record via U.S. Mail in addition to each counsel of records via emails.

*Lydia Harris*
Lydia Harris, Pro se
1206 Misty Lake Ct
Sugarland, Texas 77498
832-799-1547
justlydia1@yahoo.com

ATTORNEY(S) OF RECORD ADDRESS & EMAILS:

Douglas A Daniels
Daniels & Tredennick, LLP
6363 Woodway Drive
Suite 700
Houston, TX 77057-1759
Doug.daniels@dtlawyers.com


Penny Packard Reid
Sidley Austin LLP
2021 McKinney Ave.
Suite 2000
Dallas, TX 75201
preid@sidley.com


Alicia M Sharon
Venable LLP
Intellectual Property
2049 Century Park East
Suite 2300
Los Angeles, CA 90067
asharon@venable.com


Sabrina Rebecca Tour
Daniels & Tredennick PLLC
6363 Woodway Drive
Ste 700
sabrina@dtlawyers.com


Max Noah Wellman
Venable LLP
2049 Century Park East
Ste 23rd Floor
Los Angeles, CA 90067