United States Courts
Southern District of Texas
FILED

OCT 29 2025

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LYDIA HARRIS,
Plaintiff, Pro Se

v.

UNIVERSAL MUSIC GROUP, et al.,
Defendants.

Case No. 4:25-cv-01266

Hon. David Hittner

---

**CONSOLIDATED FILINGS OF LYDIA HARRIS (PRO SE)**
Including: Enterprise & Insider Addendum; Emergency Ex Parte Motion for Preliminary Injunction; Declaration of Lydia Harris; and [Proposed] Order

---

## I. INTRODUCTION AND RULE 60(b)/(d)(3) BASIS

Pursuant to Federal Rule of Civil Procedure 60(b) and (d)(3), Plaintiff Lydia Harris ("Harris") moves this Court for relief from prior orders and proceedings affected by fraud on the court, including material concealment, forged releases, and misrepresentations that have impeded enforcement of her $107 million California judgment. This filing consolidates the following pleadings to preserve judicial economy and to establish an unbroken evidentiary record across this District and related bankruptcy proceedings.

The filings collectively demonstrate an enterprise-wide effort among insiders — including Universal Music Group, Interscope Records, Death Row Records LLC ("DRR LLC"), and affiliated entities — to perpetuate the unlawful exploitation of the Death Row Records brand and assets without satisfaction of Plaintiff's judgment, in violation of 11 U.S.C. § 363(f), § 523(a)(6), and established bankruptcy and civil procedure.

## ENTERPRISE & INSIDER ADDENDUM

1. Defendants acted as joint participants in a fraudulent and unlawful enterprise designed to obstruct Plaintiff's enforcement rights.

2. Defendants and their agents knowingly participated in false conveyances and concealed sales through the 2009 WIDEAwake Entertainment and later E One Entertainment transactions.

3. The 2022 transfer of the Death Row Records brand to Calvin Broadus (a/k/a Snoop Dogg) via DRR LLC occurred without satisfaction of or consent to Plaintiff's judgment.

4. Insiders and counsel knowingly relied on a rescinded 2008 "Conquest Media" release, which was judicially nullified, yet has continued to be invoked to defeat Plaintiff's claims.

Relief Requested: Plaintiff seeks recognition that these insider transactions are void or voidable and requests that the Court preserve jurisdiction over all DRR-related revenue and intellectual-property proceeds pending final adjudication.

## EMERGENCY EX PARTE MOTION FOR PRELIMINARY INJUNCTION

NOW COMES Plaintiff Lydia Harris, Pro Se, and respectfully moves for emergency injunctive relief pursuant to Rule 57, 28 U.S.C. § 2201, and the equitable powers of this Court, requesting an immediate freeze of all transfers, licensing, or monetization of the Death Row Records brand or derivative works.

**Grounds:**

1. Continuing distribution and licensing of DRR LLC assets cause irreparable harm.

2. The transactions alleged were premised on fraudulent concealment and thus cannot confer bona fide purchaser protection.

3. Plaintiff's likelihood of success is substantial, as evidenced by documentary proof of forged releases and contradictory bankruptcy filings.

Relief Requested: Enjoin Defendants from transferring or encumbering assets; deposit all ongoing revenue into escrow; maintain injunction pending judgment.

## DECLARATION OF LYDIA HARRIS (PRO SE)

I, Lydia Harris, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the Plaintiff in this action and submit this declaration in support of the foregoing filings.

2. I was the prevailing party in the Los Angeles Superior Court action Harris v. Death Row Records Inc., Case No. BC 268857, resulting in a $107 million judgment entered March 2005.

3. I was never notified nor consented to the sale of the Death Row Records brand under any bankruptcy order.

4. Documents purporting to show a "release" or "assignment" executed by me are forgeries.

5. The record shows coordination among UMG, Interscope, and DRR LLC to exploit the brand while misrepresenting my position.

6. The factual statements in the accompanying filings are true and correct.

Executed this 29th day of October 2025, at Sugar Land, Texas.

Filed by:

*[signature]*

Lydia Harris, Pro Se
1206 Misty Lake Ct.
Sugar Land, Texas 77498
Email: justlydia1@yahoo.com
Phone: 832-799-1547

## [PROPOSED] ORDER

IT IS HEREBY ORDERED that:

1. Defendants are immediately enjoined from transferring, selling, encumbering, or profiting from assets or IP associated with the Death Row Records brand pending final judgment;

2. All revenues derived from such activities shall be deposited into escrow;

3. Defendants shall preserve all business and financial records relevant to this action; and

4. The injunction shall remain in full force and effect pending final adjudication.

IT IS SO ORDERED.

Dated: 10/29 2025

HON. DAVID HITTNER
United States District Judge

## CERTIFICATE OF SERVICE

I certify that on this ___ day of October 2025, I served a true and correct copy of the foregoing Consolidated Filings via the Court's CM/ECF system upon all registered counsel of record and by Certified U.S. Mail to any parties not registered for electronic service.

*[signature]*

Lydia Harris, Pro Se
1206 Misty Lake Ct.
Sugar Land, Texas 77498
832-799-1547 | justlydia1@yahoo.com