IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYDIA HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-1266 |
| | § | |
| DEATH ROW RECORDS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court are Defendants Sir Lucian Grainge, Interscope Records, UMG Recordings, Inc., and Jimmy Iovine's Motion to Dismiss Plaintiff's Original Petition for Lack of Personal Jurisdiction, Improper Venue, Improper Service, and Failure to State a Claim Upon Which Relief Can be Granted (Document No. 12); Defendants Death Row Records LLC and Cordozar Calvin Broadus, Jr.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (Document No. 16); Defendant David Kenner's Motion to Dismiss (Document No. 19); Plaintiff's Motion for Declaratory Judgment and Injunctive Relief (Document No. 34); Plaintiff's Motion for Declaratory Judgment and Injunctive Relief (Document No. 36); Plaintiff's Opposition to Defendant's Misleading Filings and Motion to Strike (Document No. 43); and Plaintiff's Emergency Ex Parte Motion for Preliminary Injunction (Document No.

53). Having considered the motions, submissions, and applicable law, the Court determines that Defendants Sir Lucian Grainge, Interscope Records, UMG Recordings, Inc., and Jimmy Iovine's Motion to Dismiss (Document No. 12), and Defendants Death Row Records LLC and Cordozar Calvin Broadus, Jr.'s Motion to Dismiss (Document No. 16) should be granted, and that all other pending motions should be denied.

## I. BACKGROUND

This is a matter involving an alleged conspiracy to defraud. Plaintiff Lydia Harris is a co-founder of Defendant Death Row Records LLC ("Death Row Records"). In March of 2005, Plaintiff was awarded a $107 million judgment (the "Judgment") by the Los Angeles Superior Court allegedly due to Death Row Records "deliberate obfuscation of judicial discovery with malicious intent" in a California State proceeding.[1] Plaintiff alleges that she has been deprived of the Judgment due to Defendants "[w]illful discovery abuse . . . [f]raudulent legal filings . . . [s]trategic bankruptcy filings . . . [and] [s]ystematic misrepresentation and fraudulent telecommunications[.]"[2]

---

[1] *Plaintiff's Complaint*, Document No. 1 at 3.

[2] *Plaintiff's Complaint*, Document No. 1 at 3.

Based on the foregoing, on March 18, 2025, Plaintiff filed suit in this Court, pursuant to diversity jurisdiction, asserting claims for "fraud on the court, civil conspiracy, obstruction of justice, and abuse of process[.]"[3] On April 14, 2025, Defendants Sir Lucian Grainge, Interscope Records, UMG Recordings, Inc., and Jimmy Iovine's moved to dismiss Plaintiff's claims. On April 17, 2025, Defendants Death Row Records and Cordozar Calvin Broadus, Jr.'s moved to dismiss Plaintiff's claims. On May 2, 2025, Defendant David Kenner moved to dismiss Plaintiff's claims. On May 7, 2025, Plaintiff responded in opposition to all three motions.

## II. LAW & ANALYSIS

Under the Federal Rules of Civil Procedure, a plaintiff is responsible for serving all defendants with a summons and complaint. *See* Fed. R. Civ. P. 4(c)(1). Most pertinent here, a party to a case may not themselves serve the summons and complaint. *See* Fed. R. Civ. P. 4(c)(2) (stating that a defendant may be served by "[a]ny person who is at least 18 years old and not a party[.]"). If a defendant is not properly served within ninety days after the complaint is filed, the Court must: (1) dismiss the action without prejudice; or (2) order service be made within a specified time. *See* Fed. R. Civ. P. 4(m). The Court will consider, in turn, Plaintiff's claims against the served and unserved Defendants.

---

[3] *Plaintiff's Complaint*, Document No. 1 at 3.

3

*1. Improperly Served Defendants*

Defendants Sir Lucian Grainge, Interscope Records, UMG Recordings, Inc., Jimmy Iovine, Death Row Records, and Cordozar Calvin Broadus, Jr. all move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure Rule 12(b)(5). The Court notes that, in addition to the aforementioned Defendants, Plaintiff provides proof of service for Defendants Interscope Communications, David Cohen, Mickey Shapiro, and David Kenner.[4]

Defendants Sir Lucian Grainge, Interscope Records, UMG Recordings, Inc., Jimmy Lovine, Death Row Records, and Cordozar Calivn Broadus, Jr. all contend that service was improper, and thus, that Plaintiff's claims should be dismissed. A review of the record in this case reveals that Plaintiff personally served Defendants Jimmy Iovine, Death Row Records, Calvin Broadus, Jr., Sir Lucian Grainge, Interscope Communications, David Cohen, Mickey Shapiro, and David Kenner in violation of Rule 4(c)(2).[5] Plaintiff offers no rebuttal on this point. Based on the foregoing and the clear Federal Rules service requirements, the Court finds that Plaintiff improperly served the aforementioned Defendants, and thus, that Plaintiff's claims against Defendants Jimmy Iovine, Death Row Records, Calvin Broadus, Jr.,

---

[4] *See Plaintiff's Proof of Service*, Document No. 4 at 1–3.

[5] *See Plaintiff's Proof of Service*, Document No. 4 at 6.

4

Sir Lucian Grainge, Interscope Communications, David Cohen, Mickey Shapiro, and David Kenner should be dismissed.[6] The Court will now consider Plaintiff's claims against the remaining unserved Defendants Marion Suge Knight, Ted Field, and Time Warner.

*2. Unserved Defendants*

Plaintiff filed this case on March 18, 2025.[7] Pursuant to Federal Rule of Civil Procedure 4(m), service was required to be made upon all Defendants ninety days later, by June 16, 2025. A review of the record in this case reveals that Plaintiff has failed to serve Defendants Marion Suge Knight, Ted Field, and Time Warner either by the time required under the Federal Rules or by the date of this Order. Based on the foregoing, the Court finds that Plaintiff's claims against Defendants, Marion Suge Knight, Ted Field, and Time Warner should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Sir Lucian Grainge, Interscope Records, UMG Recordings, Inc., and Jimmy Iovine's Motion to Dismiss Plaintiff's Original Petition for Lack of Personal Jurisdiction, Improper Venue, Improper Service, and Failure to

---

[6] Considering the Court's finding that Plaintiff did not adequately serve the aforementioned Defendants, the Court declines to consider Defendants' remaining arguments related to personal jurisdiction, venue, and the adequacy of Plaintiff's pleadings.

[7] *See Plaintiff's Complaint*, Document No. 1 at 1.

State a Claim Upon Which Relief Can be Granted (Document No. 12) is **GRANTED**. The Court further

**ORDERS** that Defendants Death Row Records LLC and Cordozar Calvin Broadus, Jr.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) (Document No. 16) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants are **DISMISSED**. The Court further

**ORDERS** that all other pending motions in this case are **DENIED AS MOOT**.

**THIS IS A FINAL JUDGMENT**

SIGNED at Houston, Texas, on this **31** day of October, 2025.

DAVID HITTNER
United States District Judge