UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LYDIA HARRIS,
Plaintiff,

v.

Civil Action No. 4:25-cv-01266

Hon. David Hittner

UNIVERSAL MUSIC GROUP; INTERSCOPE RECORDS; LUCIAN GRAINGE; JIMMY IOVINE; DRR LLC (a/k/a SNOOP DOGG); DERMOT GIVENS; MARION KNIGHT; MICKEY SHAPIRO; ALAN GRUNBLATT; DAVID COHEN; TIME WARNER INC.; and WARNER MUSIC GROUP CORP.,
Defendants.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff Lydia Harris is a natural person residing in Sugar Land, Texas.
2. Defendants are: Universal Music Group; Interscope Records; Lucian Grainge; Jimmy Iovine; DRR LLC (a/k/a Snoop Dogg); Dermot Givens; Marion Knight; Mickey Shapiro; Alan Grunblatt; and David Cohen.

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 based on claims arising under RICO, 18 U.S.C. § 1961 et seq., and supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367. Diversity jurisdiction may also exist under 28 U.S.C. § 1332.
4. Specific personal jurisdiction exists because Defendants purposefully directed activities toward Texas that caused injury to Plaintiff in this District, including interstate communications and filings designed to impair Plaintiff's judgment rights while she resided in Texas. See Lewis v. Fresne, 252 F.3d 352 (5th Cir. 2001).
5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred here and Plaintiff resides here. RICO's venue and service provisions, 18 U.S.C. § 1965, also apply.

### FACTUAL ALLEGATIONS

6. Plaintiff holds a California state-court judgment related to Death Row Records. Defendants, acting as an enterprise, engaged in a continuing scheme to conceal and control assets derived from that brand and to obstruct Plaintiff's enforcement efforts.

7. On or about November 30, 2021, Defendant Dermot Givens—while simultaneously representing Defendant Marion "Suge" Knight—pursued a motion to reopen Plaintiff's long-closed 1995 personal bankruptcy in the U.S. Bankruptcy Court for the Central District of California. The hearing was conducted via ZoomGov before Judge Geraldine Mund while Plaintiff was domiciled in Texas. Givens lacked legal authority to represent Plaintiff and sought to have her California judgment assumed by a bankruptcy trustee. These acts constitute bankruptcy fraud, wire fraud, and obstruction predicates (18 U.S.C. §§ 152, 1343, 1519) and demonstrate purposeful direction into Texas.

8. On October 29, 2025, Plaintiff filed in the Central District of California Bankruptcy Court an Amended Combined Adversary Complaint and a Supplemental filing (Case No. 2:25-ap-01372-VZ) detailing the roles of Universal Music Group, Interscope Records, Lucian Grainge, Jimmy Iovine, DRR LLC (a/k/a Snoop Dogg), and Dermot Givens, among others, in the concealment enterprise impacting Plaintiff in Texas.

9. Documentation, including the 11/30/2021 ZoomGov hearing record and supporting bankruptcy docket materials, is available and will be submitted upon request or during discovery.

## COUNT I – RICO (18 U.S.C. § 1962(c) and (d))

10. Defendants conducted and participated, directly or indirectly, in the conduct of an enterprise's affairs through a pattern of racketeering activity, including predicate acts of bankruptcy fraud, wire fraud, and obstruction, causing injury to Plaintiff's business or property.

11. Defendants conspired to violate § 1962(c) in violation of § 1962(d). Plaintiff is entitled to treble damages, attorneys' fees, and costs under 18 U.S.C. § 1964(c).

## COUNT II – CONSTRUCTIVE TRUST / EQUITABLE RELIEF

12. Defendants hold or control assets and proceeds traceable to Plaintiff's judgment and related rights; equity requires imposition of a constructive trust and related injunctive relief to prevent unjust enrichment and dissipation.

## COUNT III – FRAUD / FRAUD ON THE COURT (State Law)

13. Defendants, by material misrepresentations and concealment in judicial filings and proceedings, committed fraud and fraud on the court, proximately causing damage to Plaintiff.

14. Time Warner Inc. and Warner Music Group Corp., insiders in the 2002 litigation, were released through a summary-judgment motion filed by Interscope Records and Jimmy Iovine. That dismissal enabled subsequent concealment of assets, including the Death Row Records catalogue, and directly led to Defendant Knight's obstruction of discovery and

continuing fraudulent transfers. These entities, through their executives and successors, remain participants in the enterprise described herein.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows: (a) compensatory and treble damages under RICO; (b) equitable relief including constructive trust, accounting, and injunction; (c) costs and fees as permitted by law; and (d) all further relief the Court deems just and proper.

JURY DEMAND: Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Lydia Harris*

Lydia Harris, Plaintiff, Pro Se
1206 Misty Lake Ct
Sugar Land, TX 77498
Phone: 832-799-1547
Email: justlydia1@yahoo.com
(Documentation available upon request)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LYDIA HARRIS,
Plaintiff,

v.

UNIVERSAL MUSIC GROUP; INTERSCOPE
RECORDS; LUCIAN GRAINGE; JIMMY
IOVINE; DRR LLC (a/k/a SNOOP DOGG);
DERMOT GIVENS; MARION KNIGHT;
MICKEY SHAPIRO; ALAN GRUNBLATT;
DAVID COHEN; TIME WARNER INC.; and
WARNER MUSIC GROUP CORP.,
Defendants.

Civil Action No. 4:25-cv-01266

Hon. David Hittner

## [PROPOSED] ORDER

Before the Court is Plaintiff Lydia Harris's Motion for Reconsideration of the Court's October 31, 2025 Order of Dismissal, or, in the Alternative, for Leave to File First Amended Complaint. Having considered the Motion and the record, the Court finds good cause to grant the requested relief. IT IS ORDERED that the Motion is GRANTED. The Clerk is DIRECTED to file Plaintiff's First Amended Complaint and to REISSUE summonses to all defendants. SO ORDERED.

_____
Hon. David Hittner
United States District Judge

Respectfully submitted,

*/s/ Lydia Harris*

Lydia Harris, Plaintiff, Pro Se
1206 Misty Lake Ct
Sugar Land, TX 77498
Phone: 832-799-1547
Email: justlydia1@yahoo.com
(Documentation available upon request)